ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

NOV 07 2023

KEVIN P. WEIMER, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VALENTINA FORERO ALVAREZ | Criminal Indictment<br><br>No. 1:23CR-355<br><br>**UNDER SEAL** |

THE GRAND JURY CHARGES THAT:

### Count One
18 U.S.C. § 1956(h)
(Money Laundering Conspiracy)

1. Beginning on a date unknown to the Grand Jury, but from at least in or about November 2020, and continuing through at least in or about April 2023, in the Northern District of Georgia, and elsewhere, the Defendant, VALENTINA FORERO ALVAREZ, did knowingly combine, conspire, confederate, agree and have a tacit understanding with other persons known and unknown to the Grand Jury to commit offenses against the United States, specifically:

  a. to knowingly conduct and attempt to conduct financial transactions, affecting interstate and foreign commerce, that involved the proceeds of specified unlawful activity, that is, the possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Sections 841 and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of

specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

b. to knowingly conduct and attempt to conduct financial transactions, affecting interstate and foreign commerce, that involved the proceeds of specified unlawful activity, that is, the possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Sections 841 and 846, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and,

c. to knowingly transport, transmit and transfer, and attempt to transport, transmit and transfer, a monetary instrument and funds involving the proceeds of specified unlawful activity, that is, the possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Sections 841 and 846, from a place in the United States to and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation,

transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

### Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

2. Defendant FORERO ALVAREZ is a resident of Armenia, Colombia and a citizen of Colombia.

3. It was a part of the conspiracy that from at least in or about November 2020, and continuing through at least in or about April 2023, Defendant FORERO ALVAREZ operated a vast money laundering operation that laundered millions of dollars of cash proceeds resulting from the sale and distribution of unlawful controlled substances in the Northern District of Georgia and elsewhere.

4. It was further a part of the conspiracy that Defendant FORERO ALVAREZ directed the creation and organization of multiple corporate entities in the State of Florida.

5. It was further a part of the conspiracy that these corporate entities were shell companies in that they had no apparent legitimate business activity, and, instead, were solely created to perpetuate the laundering of illicit cash obtained from the distribution of controlled substances.

6. It was further a part of the conspiracy that once the shell companies were created, Defendant FORERO ALVAREZ directed persons in the United States to open business checking accounts in the names of these shell companies at various financial institutions based in the United States.

7. It was further a part of the conspiracy that Defendant FORERO ALVAREZ was not a signer on the bank accounts, but directed and controlled the movement of funds in these bank accounts.

8. It was further a part of the conspiracy that Defendant FORERO ALVAREZ directed a network of persons who acted as couriers throughout the Northern District of Georgia and other cities in the United States to collect cash proceeds resulting from drug sales, commonly known as "money pickups," from other persons unknown to the couriers.

9. It was further a part of the conspiracy that Defendant FORERO ALVAREZ paid the couriers a small percentage of the total cash collected in the money pickups.

10. It was further a part of the conspiracy that the money pickups would consist of stacks of bundled cash, totaling tens of thousands of dollars, at any one time and would be packaged in empty shoe boxes and shopping bags.

11. It was further a part of the conspiracy that immediately after the couriers collected the cash, Defendant FORERO ALVAREZ directed the couriers to enter a bank that maintained accounts associated with the scheme and deposit the cash into such accounts at the bank counter. Defendant FORERO ALVAREZ further

directed the couriers to send her photographs of the bank-generated slips reflecting the deposits through various encrypted messaging applications.

12. It was further a part of the conspiracy that Defendant FORERO ALVAREZ paid the couriers a percentage of the total cash that the couriers deposited into the bank accounts.

13. It was further a part of the conspiracy that Defendant FORERO ALVAREZ directed the couriers to deposit the cash in increments under $10,000 in order to avoid triggering the banks' reporting requirements related to certain transactions involving more than $10,000 cash.

14. It was further a part of the conspiracy that, from approximately June 2022 through at least April 2023, $2.9 million in cash was deposited into accounts associated with the scheme at various bank branches in the Northern District of Georgia.

15. It was further a part of the conspiracy that after the cash had been deposited into the bank accounts in the names of Defendant FORERO ALVAREZ's shell companies, she directed the transfer of the funds to the bank accounts of other shell companies that she controlled and, ultimately, to persons, entities, and accounts maintained in financial institutions in Colombia.

All in violation of Title 18, United States Code, Section 1956(h).

## Forfeiture

16. Upon conviction of the offense alleged in Count One of this Indictment, the Defendant, VALENTINA FORERO ALVAREZ, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property,

real or personal, involved in said offense, and all property traceable to such property, including but not limited to the following:

    a. MONEY JUDGMENT: A sum of money in United States currency representing the amount of property obtained as a result of the offense alleged in Count One of this Indictment.

    b. FUNDS:

        i. $107,451.28 in funds seized from JPMorgan Chase account ending 1008 held in the name of Autoparts Global USA LLC;

        ii. $200,124.55 in funds seized from JPMorgan Chase account ending 6739 held in the name of Deluxe Stores JA LLC;

        iii. $2.18 in funds seized from JPMorgan Chase account ending 2032 held in the name of Deluxe Stores JA LLC;

        iv. $130.96 in funds seized from JP Morgan Chase account ending 2859 held in the name of Medical Equipment Import LLC;

        v. $70 in funds seized from JPMorgan Chase account ending 2867 held in the name of Medical Equipment Import LLC;

        vi. $869 in funds seized from JPMorgan Chase account ending 2875 held in the name of Medical Equipment Import LLC;

        vii. $279,845.85 in funds seized from Wells Fargo Bank account ending 3941 held in the name of Deluxe Store JA LLC;

        viii. $133,789.96 in funds seized from Bank of America account ending 0598 held in the name of Representative Group Corp;

ix. $1,351.19 in funds seized from Bank of America account ending 0601 held in the name of Javier Alberto Vasquez Palacio;

x. $65,255.25 in funds seized from Bank of America account ending 0599 held in the name of Autoparts Global USA, LLC;

xi. $61,406.93 in funds seized from Bank of America account ending 0600 held in the name of Deluxe Store JA, LLC;

xii. $697,165.89 in funds seized from Bank of America account ending 8543 held in the name of On Solutions Group, LLC; and

xiii. $259,768.11 in funds seized from Bank of America account ending 9707 held in the name of Alberto Cortes Cosmetics and Perfumes, Inc.

If, any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section

853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A __True__ BILL

__/s/ Foreperson__
FOREPERSON

RYAN K. BUCHANAN
United States Attorney

__/s/ Sekret T. Sneed__
SEKRET T. SNEED
  Assistant United States Attorney
Georgia Bar No. 252939

__/s/ Radka T. Nations__
RADKA T. NATIONS
  Assistant United States Attorney
Georgia Bar No. 618248

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181